UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kathleen M. Weller and Eddie Weller,    Civil No. 08-416 (DWF/RLE)

   Plaintiffs,

v.    **MEMORANDUM OPINION AND ORDER**

Time Insurance Company,

   Defendant.

_____

Matthew K. Begeske, Esq., Begeske Law Offices, counsel for Plaintiffs.

Robin C. Merritt, Esq., Hanft Fride, and William J. Beatty, Esq., Johnson & Bell, Ltd., counsel for Defendant.

_____

## INTRODUCTION

This matter is before the Court on the Motion of Defendant Time Insurance Company ("Defendant") to Dismiss Count II of the Complaint filed by Plaintiffs Kathleen Weller ("K. Weller") and her husband Eddie Weller ("E. Weller") (together "Plaintiffs"). The Court grants the Defendant's motion for the reasons explained below.

## BACKGROUND

K. Weller purchased a health insurance policy from the Defendant, with an effective date of October 19, 2006, under which E. Weller received coverage as a dependent. A rider to the policy contained a limitation on coverage for pre-existing conditions. The pre-existing condition provision defined pre-existing condition as: "an illness or injury and related complications, if during the 12-month period immediately

prior to [y]our effective date:  [y]ou received medical treatment, diagnosis, consultation, or took [p]rescription [d]rugs for the condition; or [t]he condition produced symptoms or was capable of being diagnosed."  (Compl. ¶ 15.)

E. Weller saw a doctor on October 2, 2006, complaining of a two-week history of chest pain and a chest X-ray was taken on that date.  On October 6, 2006, E. Weller's doctor wrote a letter explaining that E. Weller's chest X-ray had been reviewed by a radiologist and was "abnormal," showing an area the doctor suspected to be pneumonia.  (*Id.* ¶ 9, Ex. A.)  The doctor prescribed antibiotics.

On October 16, 2006, E. Weller underwent blood tests and a CT scan.  A letter dated October 18, 2006, indicated that much of the blood work revealed normal results and that E. Weller's "blood count showed a slight elevation of the white blood cells but was otherwise normal."  (*Id.* ¶ 10, Ex. B.)  The doctor also wrote to E. Weller on October 25, 2006, regarding the results of the CT scan.  That letter stated that the CT scan of E. Weller's abdomen looked normal, and the doctor indicated that the next step was to "scope [E. Weller's] intestines and stomach."  (*Id.* ¶ 11, Ex. C.)

E. Weller was hospitalized from December 8, 2006 until December 11, 2006, due to leg pain.  During that time, E. Weller had a biopsy of a lymph node in his chest, and the results showed that he had lung cancer.  He received treatment for lung cancer, but died on March 28, 2008.  Plaintiffs submitted claims for E. Weller's treatment to Defendant for coverage.  Defendant denied coverage, citing the limitation on coverage for pre-existing conditions in the insurance policy.

K. Weller claims that Defendant breached its contract in denying coverage for E. Weller's medical expenses.  K. Weller also claims that the policy's provision limiting coverage for pre-existing conditions is unconscionable.  Defendant denies liability.

**DISCUSSION**

Defendant moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Count II of Plaintiffs' Complaint, which alleges that the policy provision limiting coverage for pre-existing conditions is unconscionable.  Defendant also requests dismissal of the punitive damages portion of the Plaintiffs' Complaint.

**I.     Standard of Review**

In deciding a motion to dismiss, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens,* 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged.  *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Porous Media, Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007).  Although a complaint need not contain "detailed factual allegations," it

must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 1964-65. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 1965.

## II.     Unconscionability

Defendant argues that this Court should dismiss the unconscionability count of the Plaintiffs' Complaint. Defendant asserts that the pre-existing condition limitation of the health insurance policy does not meet the standard required for it to be considered unconscionable. This Court agrees.

K. Weller argues that the contract with Defendant was a contract of adhesion and must be construed against Defendant. Minnesota courts have considered health insurance contracts to be contracts of adhesion. *See Glarner v. Time Ins. Co.*, 465 N.W.2d 591 (Minn. Ct. App. 1991). In an insurance contract, the parties have unequal bargaining power and the contract is offered on a "take it or leave it" basis. *Atwater Creamery Co. v. W. Nat'l Mut. Ins. Co.,* 366 N.W.2d 271, 277 (Minn. 1985). As a result, courts will construe restrictive language and exclusions against the insurance company that drafted the policy and in favor of the insured. *Id*. at 276; *Canadian Universal Ins. Co., Ltd. v. Fire Watch, Inc.,* 258 N.W.2d 570, 572 (Minn. 1977). Contracts of adhesion, however, are not necessarily unconscionable.

A contract provision is unconscionable if it is "such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other." *Vierkant by Johnson v. AMCO Ins. Co.*, 543 N.W.2d 117, 120 (Minn. Ct. App. 1996); *Hume v. U.S.*, 132 U.S. 406, 411 (1889). Upon a finding that a

4

contract term is unconscionable, a court may "remove the unconscionable clause or limit its application to avoid an unfair result." *In re Estate of Hoffbeck*, 415 N.W.2d 447, 449 (Minn. Ct. App. 1987). Whether a contract is unconscionable is a question of law. *RJM Sales & Mktg., Inc. v. Banfi Products Corp.*, 546 F. Supp. 1368, 1375 (D. Minn. 1982).

Limitations on pre-existing conditions in health insurance contracts, while undoubtedly not preferable to insureds, are standard in insurance policies marketed to the public. Such provisions are not prohibited by law. While the mere existence of the pre-existing condition limitation in K. Weller's health insurance policy is not unconscionable, she argues that the limitation in Defendant's policy is unconscionably broad.[1] If a provision is so overbroad as to render coverage illusory, it could be unconscionable. *See Glarner*, 465 N.W.2d at 596, (holding conditional receipt provision of a health insurance policy unconscionable because the terms of the provision rendered the policy's coverage illusory).

Courts have upheld provisions limiting or excluding coverage for conditions that were diagnosed, or that could have been diagnosed, before the effective date of the policy. For instance, in *Novak v. American Community Mutual Insurance Co.*, 718 N.E.2d 958 (Ohio Ct. App. 1998), the court determined that a pre-existing condition limitation was not unconscionable where its terms excluded coverage for "an illness, disease, accidental bodily damage or loss that appears (makes itself known) before the

---

[1] K. Weller also argues that the provision is unconscionable because it places physicians in an untenable position by requiring them to admit that a condition was capable of diagnosis, but was not diagnosed. The Court is not persuaded by this argument.

Effective Date." The court stated, however, that "more than unidentified nonspecific symptoms are required to establish a preexisting condition." *Novak*, 718 N.E.2d at 963. Further, courts have cautioned that a condition must make itself manifest, or be capable of diagnosis "with reasonable certainty by one learned in medicine." *Lawson v. Fortis Ins. Co.*, 301 F.3d 159, 166 (3d Cir. 2002); *Katskee v. Blue Cross/Blue Shield of Nebraska*, 515 N.W.2d 645, 653 (Neb. 1994) ("A disease, condition, or illness exists within the meaning of a health insurance policy excluding preexisting conditions only at such time as the disease, condition, or illness is manifest or active or when there is a distinct symptom or condition from which one learned in medicine can with reasonable accuracy diagnose the disease.") Otherwise, to deny coverage for a condition that has not made itself manifest "is to set an unconscionable trap for the unwary insured." *Lawson*, 301 F.3d at 166,

Defendant's pre-existing condition limitation excludes coverage where the insured received medical treatment, diagnosis, consultation, or took prescription drugs for the condition, or the condition produced symptoms or was capable of being diagnosed. This language is consistent with other provisions excluding coverage for conditions that have manifested themselves in some recognizable way. The provision does not venture into the territory of denying coverage for hidden illnesses undiscovered at the time the insured obtained coverage.

Based on the foregoing, the Court concludes that the provision in Defendant's policy is not so broad as to render coverage illusory. Plaintiffs make no argument that they were unaware of the provision, or that Defendant engaged in bad faith so as to

render the application of the provision in their particular case unconscionable.  Therefore, this Court grants Defendant's motion to dismiss the unconscionability count of the Plaintiffs' complaint.

### III.   Punitive Damages

Plaintiffs' Complaint includes a request that they "be allowed to request punitive damages as allowed by Minnesota law."  (Compl. at 3.)  Defendant seeks dismissal of this request.

Under Minn. Stat. § 549.20, subdivision 1(a), "[p]unitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others."  The statute further provides that a trier of fact must determine whether compensatory damages are warranted, and then consider whether punitive damages should be awarded in a separate proceeding.  Minn. Stat. § 549.20, subd. 4.

Defendant seeks dismissal of the section of the Complaint regarding punitive damages, arguing that such an award would not be warranted in this case.  Plaintiffs contend that Defendant's request for dismissal is premature, noting that the Complaint does not seek an award of punitive damages, but merely asks that they be allowed to seek punitive damages at a later date in accordance with the statute.  Plaintiffs, therefore, indicate that they were simply putting the Defendant on notice that they might seek punitive damages.

At the hearing in this matter, the parties agreed that punitive damages cannot be awarded at this stage of the case and that the Court may dismiss the portion of Plaintiffs'

Complaint regarding punitive damages without prejudice to the Plaintiffs' right to bring forward a claim in accordance with section 549.20. This Court, therefore, dismisses the punitive damages portion of Plaintiffs' Complaint without prejudice.

## CONCLUSION

Based on the foregoing, this Court grants Defendant's motion to dismiss Count II of the Plaintiffs' Complaint. The Court also dismisses, without prejudice, Plaintiffs' request for punitive damages from the Complaint.

Now, therefore, **IT IS HEREBY ORDERED** that:

1.  Defendant Time Insurance Company's Motion to Dismiss Count II of Plaintiffs' Complaint (Doc. No. 10) is **GRANTED**, as follows:

    a.  Count II of the Complaint (Doc. No. 1, Attach. 1) is **DISMISSED WITH PREJUDICE**.

    b.  The portion of the Complaint regarding punitive damages is **DISMISSED WITHOUT PREJUDICE**.

Dated: July 25, 2008                 s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     Judge of United States District Court