UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kathleen M. Weller and Eddie Weller,  Civil No. 08-416 (DWF/RLE)

Plaintiffs,

v.  **MEMORANDUM**
**OPINION AND ORDER**

Time Insurance Company, (incorrectly
Sued herein as "Assurant Health"),

Defendant.

___

Matthew K. Begeske, Esq., Begeske Law Offices, counsel for Plaintiffs.

Robin C. Merritt, Esq., Hanft Fride, and William J. Beatty, Esq., Johnson & Bell, Ltd., counsel for Defendant.

___

**INTRODUCTION**

This matter is before the Court on the Motion for Summary Judgment of

Defendant Time Insurance Company ("Defendant").[1]  Kathleen Weller ("Plaintiff")

---

[1] The Defendant also filed a Motion to Strike, requesting that this Court strike from the record an affidavit submitted by Plaintiff's counsel in support of Plaintiff's response to Defendant's Motion for Summary Judgment.  (Doc. No. 45.)  At the hearing in this matter, the parties stipulated to the submission of extensive medical records to this Court.  Given the parties' stipulation to the submission of this additional material, some of which covers the same ground as Plaintiff's counsel's affidavit, the Court considers the Motion to Strike moot.  Notwithstanding that, Court notes that Plaintiff's counsel's affidavit and supporting documentation are not determinative in this case.

opposes the motion.[2]  For the reasons set forth below, the Court grants the Defendant's motion.

## BACKGROUND

The Plaintiff purchased a health insurance policy from the Defendant under which her husband, Eddie Weller, received coverage as a dependent.  The effective date of coverage was October 19, 2006.  A rider to the policy contained a limitation on coverage for pre-existing conditions.  The pre-existing condition provision defined pre-existing condition as: "an illness or injury and related complications, if during the 12-month period immediately prior to [y]our effective date:  [y]ou received medical treatment, diagnosis, consultation, or took [p]rescription [d]rugs for the condition; or [t]he condition produced symptoms or was capable of being diagnosed."  (Compl. ¶ 15.)

Eddie Weller saw a doctor on October 2, 2006, complaining of chest pain.  Eddie Weller was given a chest X-ray and underwent subsequent additional testing relating to his symptoms.  During a hospitalization from December 8, 2006 until December 11, 2006, a biopsy of a lymph node in his chest showed that he had lung cancer.  He received treatment for lung cancer, but died on March 28, 2008.  The Defendant denied coverage for Eddie Weller's medical expenses, indicating that his illness and medical expenses related thereto fell within the limitation on coverage for pre-existing conditions in the

---

[2]  Originally, Eddie Weller was also a plaintiff in this action, but is now deceased. Therefore, the Court refers only to Kathleen Weller as a plaintiff.

insurance policy. Plaintiff contends that the Defendant's refusal to cover Eddie Weller's medical expenses is a breach of the insurance contract.[3]

## DISCUSSION

### I. Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts

---

[3] Plaintiff's complaint also claimed that Defendant's pre-existing condition limitation was unconscionable. The Court previously dismissed this claim. (Doc. No. 29.)

showing that there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II.     Breach of Contract

The Defendant contends summary judgment is warranted because Eddie Weller's condition falls within the pre-existing condition definition within the insurance contract. The Court agrees.

The construction and effect of a contract presents a question of law, unless an ambiguity exists.  *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 394 (Minn. 1998).  A contract is ambiguous only if its language is reasonably susceptible to more than one interpretation, and contractual language is given its plain and ordinary meaning.  *Id.*  Minnesota courts have considered health insurance contracts to be contracts of adhesion.  *See Glarner v. Time Ins. Co.*, 465 N.W.2d 591 (Minn. Ct. App. 1991).  In an insurance contract, the parties have unequal bargaining power and the contract is offered on a "take it or leave it" basis.  *Atwater Creamery Co. v. W. Nat'l Mut. Ins. Co.,* 366 N.W.2d 271, 277 (Minn. 1985).  As a result, courts will construe restrictive language and exclusions against the insurance company that drafted the policy and in favor of the insured.  *Id*. at 276; *Canadian Universal Ins. Co., Ltd. v. Fire Watch, Inc.,* 258 N.W.2d 570, 572 (Minn. 1977).  Contracts of adhesion are, nevertheless, enforceable agreements.

In this case, the insurance policy the Plaintiff obtained from the Defendant contained an exclusion of coverage for any condition if, during the twelve-month period preceding coverage, the insured received medical treatment, a diagnosis, consultation, or

took prescription drugs for the condition, or if the condition produced symptoms or was capable of being diagnosed. Defendants argue that Eddie Weller's cancer falls within the exclusion because it produced symptoms and was capable of being diagnosed. The record supports Defendant's argument.

The effective date of coverage for Plaintiff's policy was October 19, 2006. According to Eddie Weller's medical records, he visited his doctor on October 2, 2006, complaining of a cough and chest pain suffered for several weeks. A chest X-ray taken on that date showed a possible mass in his left lung. Eddie Weller underwent a CT scan of his chest on October 16, 2006, and on October 18, 2006, Plaintiff and Eddie Weller were informed that there appeared to be "multiple metastases in the lungs, likely cancer." (Aff. of John E. Laabs, M.D. ¶ 14.) Eddie Weller's condition was, therefore, producing symptoms and capable of diagnosis prior to the effective date of coverage.[4]

Plaintiff submitted documentation showing that other diagnoses were also pursued during the period in which Eddie Weller received treatment for this condition prior to the effective date of coverage. For instance, Eddie Weller's medical records indicate that his physician's initial assessment was that he had bronchitis. Under the policy, however, neither a final diagnosis nor even a correct, working diagnosis are required to exclude a condition from coverage. Rather, a condition must merely be "capable of diagnosis." Eddie Weller's records show that while several different theories were pursued, a

---

[4] The Court notes that Eddie Weller's condition also appears to have been excluded from coverage because he received medical treatment for the condition prior to the effective date of coverage.

5

working diagnosis of cancer, which ultimately proved correct, was articulated prior to the effective date of coverage.

Plaintiff also contends that the language used in the contract is overbroad and that it may be used to exclude coverage for conditions about which an insured is unaware and for which the insured is not seeking treatment.  For example, Plaintiff proposed a hypothetical in which an insured visits a doctor complaining of a particular condition prior to the effective date of coverage and mentions during the visit with the doctor a symptom (such as a cough associated with the common cold) which could also be a symptom of another condition the Plaintiff subsequently develops (such as lung cancer).  Plaintiff argued that the insured could be denied coverage under this scenario.[5]

The Court notes that it considered essentially this very issue in connection with the Defendant's Motion to Dismiss Plaintiff's unconscionability claim.  The Court surveyed decisions on pre-existing condition limitations and determined that limitations for conditions that present with sufficient symptoms so that they could be diagnosed by a knowledgeable and trained physician are generally upheld.  For instance, in *Novak v. American Community Mutual Insurance Co.*, the court determined that a pre-existing condition limitation was permissible where its terms excluded coverage for "an illness, disease, accidental bodily damage or loss that appears (makes itself known) before the Effective Date."  718 N.E.2d 958, 960 (Ohio Ct. App. 1998).  The court stated, however, that "more than unidentified nonspecific symptoms are required to establish a preexisting condition."  *Id.* at 963.  Further, courts have cautioned that a condition must make itself

---

[5]   The Defendant disputed that this was its practice.

6

manifest, or be capable of diagnosis "with reasonable certainty by one learned in medicine."  *Lawson v. Fortis Ins. Co.*, 301 F.3d 159, 166 (3d Cir. 2002); *Katskee v. Blue Cross/Blue Shield of Nebraska*, 515 N.W.2d 645, 653 (Neb. 1994) ("A disease, condition, or illness exists within the meaning of a health insurance policy excluding preexisting conditions only at such time as the disease, condition, or illness is manifest or active or when there is a distinct symptom or condition from which one learned in medicine can with reasonable accuracy diagnose the disease.")

These cases suggest, and this Court concurs, that a condition must manifest itself with sufficiently specific symptoms to permit diagnosis by a physician.  Therefore, generalized and non-specific symptoms which would not trigger an inquiry or suggest a diagnosis to a physician would not fall within the coverage exclusion.  As the Court previously noted, the Defendant's contract provision does not venture into the territory of denying coverage for hidden illnesses undiscovered at the time the insured obtained coverage.  If it did, it would "set an unconscionable trap for the unwary insured," *Lawson*, 301 F.3d at 166, and would not survive a challenge on the basis of unconscionability.

In addition, the Plaintiff acknowledges that the hypothetical situation he postulates is not present in this case.  Here, Eddie Weller's condition produced symptoms for which he sought medical treatment and received at least a preliminary diagnosis of cancer, all prior to the effective date of coverage.  Therefore, the Defendant did not breach its contract with the Plaintiff by denying coverage for Eddie Weller's medical care for cancer.

As tragic as this situation is for Plaintiff Kathleen Weller, to be faced with substantial medical bills while trying to grieve her husband's death, respectfully stated, the Defendant did not breach its contract with the Plaintiff.

## CONCLUSION

Based on the foregoing, this Court grants the Motion of Defendant, Time Insurance Company, for Summary Judgment.

Now, therefore, **IT IS HEREBY ORDERED** that:

1. The Motion of Defendant, Time Insurance Company, for Summary Judgment (Doc. No. 34) is **GRANTED**.

2. The Defendant's Motion to Strike the Affidavit of Matthew Begeske (Doc. No. 45) is **DISMISSED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 19, 2009            s/Donovan W. Frank
                               DONOVAN W. FRANK
                               Judge of United States District Court